UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ELMER LEE JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07CV33(TCM) |
| | ) | |
| TONY SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Elmer Lee Jefferson for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Also before the Court is plaintiff's motion to appoint counsel [Doc. #4]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).[1]

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the

---

[1] It appears that at the time plaintiff submitted his motion to proceed in forma pauperis and his complaint, he was not a "prisoner" within the meaning of 28 U.S.C. § 1915(h). Since then, however, plaintiff has become incarcerated. Because plaintiff was not a prisoner when he submitted this action, the Court will not apply the prisoner provisions of 28 U.S.C. § 1915.

action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 ( 2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff seeks injunctive and monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Tony Smith, a police officer with the Kennett (Missouri) Police Department; and Bob Holder, a member of the Dunklin County (Missouri) Sheriff's Department.

Liberally construing the complaint and attached exhibits, it appears that plaintiff was a suspect in an incident in which $37 was stolen from Denny Lance. An arrest warrant - based on an affidavit provided by another police officer - was issued for

plaintiff's arrest by a state court judge. The warrant stated that plaintiff was charged with "theft/stealing>$500<$25000 570.030 RSMO." It appears that defendant Smith arrested plaintiff based on the arrest warrant. The charge against plaintiff was subsequently amended to "forcible stealing" in violation of Missouri Revised Statute § 569.030. This charge is still pending against plaintiff in state court. Plaintiff claims that his arrest was "false" because the warrant indicated he had stolen at least $500 when, in fact, the amount allegedly stolen was only $37. Plaintiff also claims that his bail was excessive, that he was not read his Miranda rights and that an identification of him by the Lance should be suppressed.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). There is nothing in the complaint to suggest that defendant Smith provided the state court with the erroneous information upon which the arrest warrant was issued. Plaintiff's complaint indicates only that - in so far as Smith was aware - the arrest warrant was facially valid. Because it appears defendant Smith relied on a facially valid arrest warrant, he did not violate plaintiff's constitutional rights. Cf. Baker v. McCollan, 443 U.S. 137, 145-46 (1979) (officer executing an arrest warrant is not required to investigate every claim of innocence).

Furthermore, the alleged failure to read plaintiff his

3

rights as required by Miranda v. Arizona, 384 U.S. 436 (1966), does not give rise to a separate damages claim under 42 U.S.C. § 1983. See Warren v. City of Lincoln, 864 F.2d 1436, 1442 (8th Cir. 1989); see also Williams v. Weaver, 2000 WL 1844684, *4 (S.D. Ala., Nov. 7, 2000) (noting that Dickerson v. United States, 120 S. Ct. 2326 (2000), which merely held that Miranda may not be superceded legislatively, has no application to § 1983 cases).

Finally, there is nothing in the complaint to indicate that defendant Smith was responsible for setting the amount of plaintiff's bail. There is also nothing in the complaint to indicate that defendant Holder was personally and directly responsible for any of the acts alleged in the complaint. Therefore, plaintiff's claims against Smith and Holder should be dismissed. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)("[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motio to appoint counsel is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 20th Day of August, 2007.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**